859 F.2d 149
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Amos D. FAUX-BURHANS, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF FREDERICK COUNTY, Defendant-Appellee.
 No. 88-3929.
 United States Court of Appeals, Fourth Circuit.
 Argued July 7, 1988.
Decided Sept. 9, 1988.
 
 Paul Victor Jorgensen, Leland Ronald Jorgensen on brief for appellant.
 Lawrence Edward Speelman, Joseph E. Emerson on brief for appellee.
 Before HARRISON WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Amos Faux-Burhans appeals the judgment of the district court granting summary judgment against him on his two federal claims and dismissing his pendent state action. In his action against the County Commissioners of Frederick County, Faux-Burhans demanded a declaratory judgment and injunction against the enforcement of a county zoning ordinance preventing certain activities at his private airstrip in the county. Alleging violation of 42 U.S.C. Sec. 1983, he also demanded damages. We affirm.
 
 
 2
 Faux-Burhans' airport is located on his 125 acre property in a rural part of Frederick County, Maryland. At the time of the passage of the zoning ordinance in 1977, Faux-Burhans' father-in-law, Charles Rice, owned the property. In 1980 Rice obtained an exception to the ordinance for an "aircraft landing and storage area." Rice and Faux-Burhans erected a hanger after which Faux-Burhans inspected and repaired airplanes on the property on a part-time basis. In 1983 Faux-Burhans bought the property and made improvements on the airstrip. In 1985 County inspectors, noticing the improvements, warned him that he was governed by the local zoning ordinance and that violations would result in a civil penalty.
 
 
 3
 The ordinance imposes the following restrictions on airports such as the one owned and operated by Faux-Burhans:
 
 
 4
 (a) Minimum Size: Twenty-five (25) acres.
 
 
 5
 (b) Principal User: Owner of parcel.
 
 
 6
 (c) Intensity of Use: No more than two (2) aircraft may use the airfield or storage area.
 
 
 7
 (d) Aircraft: Limited to those which at ninety-five (95) degrees Fahrenheit require a maximum of one thousand eight hundred (1,800) feet or less of runway surface as recommended by the specific aircraft manufacturer.
 
 
 8
 (e) Clear Zone: Must be provided at both approach and departure end of runway. Such zone shall be a symmetrical trapezoid with a length of one thousand (1,000) feet and with the parallel sides being one hundred seventy-six (176) feet (adjacent to end of runway) and three hundred seventeen (317) feet respectively.
 
 
 9
 No structures are permitted within the clear zone. The clear zone must be under the ownership of the airfield owner.
 
 
 10
 (f) Area of Operation: No operation will be permitted within one hundred (100) feet of a property line, or one thousand (1,000) feet of any public or private institution devoted to education or human care.
 
 
 11
 (g) Use Limited: The airfield will not be for the use of instruction or training.
 
 
 12
 Frederick County Zoning Ordinance Sec. 1-19-381 (1977).
 
 
 13
 Faux-Burhans asserts that the limitations imposed by the ordinance in effect prohibited: regular use by his neighbor for commuting to work in Pennsylvania; frequent use for aircraft inspection and repair; restoration and collection of vintage aircraft; use by high performance aircraft; instruction in airplane repair and maintenance; and storage of airplanes. He attempted to obtain a public airport exception from the County, but his request was denied.
 
 
 14
 During the course of construction at the airport and his attempts to obtain County approval, Faux-Burhans sought Federal Aviation Administration and state approval for the operation of his airport. Both the FAA and the state agency inspected and contingently approved the site. The FAA conducted an aeronautical study and required him to reach a flight plan agreement with a neighboring airport.
 
 
 15
 Faux-Burhans has not, however, identified any federal statute or regulation explicitly or implicitly preempting the regulations imposed by the county ordinance involved here nor has he demonstrated any actual conflict between federal statutes or regulations and the county requirements. The district court, in a well-reasoned opinion, reached this conclusion and also held that Faux-Burhans had presented no cognizable claim under Sec. 1983. It also dismissed his pendent cause of action.
 
 
 16
 Agreeing with the reasoning of the district court, we affirm.
 
 
 17
 AFFIRMED.